### 14051.  MATHIS v. THE STATE.

LUKE, J.  The evidence did not authorize the conviction in this case, and it was error for the court to overrule the motion for a new trial.

<em>Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.</em>
DECIDED MARCH 6, 1923.

Accusation of fornication, etc.; from city court of Jesup — Judge Clark.  October 13, 1922.

At the house of his laundress, a colored woman, the defendant Mathis was found about 9 o'clock at night by a deputy sheriff and the chief of police of the city of Jesup. The deputy sheriff testified, that from outside the house he heard persons talking inside in a lighted room, and that after standing for ten minutes near a tree at a distance of about ten feet from the house he "heard something like bed-springs making a noise in the room," and about five minutes later he went to the back door, and the chief of police went to the door and knocked on it and called for "whoever was in the house" to open it, and in about a half minute the woman opened the front door, and Mathis pushed open the back door (which was not locked) and came out on the back porch dressed,

and his trousers were unbuttoned in front; the witness told him to stop and took him through the hallway to the front room, where the chief of police and the woman were; " she was dressed like any woman would be around home. The bed was not smooth; it looked like it had been used in some way. . . Mathis never said anything except that he was there after his washing, and that Autrey carried him there and would soon be back after him in a car;" in about an hour Autrey came in a car; Mathis had a bundle of clothes that he brought away in the car. The chief of police testified, that when he and the deputy sheriff were near the tree mentioned he " heard something like bed-springs rattling and making a noise," and about five minutes later, he knocked on the front door (which was locked), the woman came to it in about half a minute and opened it and asked what he wanted, and he walked into the room with her; he did not notice anything irregular about her clothing or that of the defendant; the defendant was dressed completely; the cover and spread on the bed were not turned back, but the bed was wrinkled; it could have been wrinkled by sitting on it or by spreading clothes on it. The defendant, in his statement at the trial, said that he had never had intercourse with this woman, and was not on the bed with her; that she had been washing and laundering his clothes for about a month, and he always carried the clothes to her and then went after them; that on the night mentioned she was away when he went to the house, and he waited about twenty minutes before she came; she had not finished with the clothes, and they talked while she was getting them ready; she sat down on the bed once or twice and was taking clothes off the bed during the time. He denied that his trousers were unbuttoned. Autrey testified that on two nights each week for about three weeks he had been taking the defendant to the woman's house, in his car; that the defendant always carried clothes to her to be laundered about the first of the week, and would bring them away laundered about the latter part of the week, and that " usually, when going after the washing," he would leave the defendant at the house; that on the night on which the defendant was arrested he carried the defendant to the house and left him there, and returned in about an hour and found the officers there, and brought the clothes away. So far as the witnesses knew, the defendant and the woman were

single; they had not heard that either was married.

Thomas & Walker, for plaintiff in error, cited the cases of Long, 5 Ga. App. 176; Thomson, Id. 7; Glover, 15 Ga. App. 44; Murray, 2 Ga. App. 620; Weems, 84 Ga. 461.

W. B. Gibbs, solicitor, cited the dissenting opinion in the Long case, supra.